UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 14-49569

DAVID LORENZO VALDIVIA,  Chapter 7

    Debtor.  Judge Thomas J. Tucker
_____/

MARY A HAUK,

    Plaintiff,

v.  Adv. Pro. No. 14-4753

DAVID LORENZO VALDIVIA,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S REQUEST FOR
ISSUANCE OF REVISED WRIT OF EXECUTION**

This case presents the question whether a federal bankruptcy court may issue a writ of execution directing that a state court officer, rather than the United States Marshals Service, execute the writ. The Court concludes that the answer is no.

**I. Background**

On September 3, 2014, the Court entered a default judgment against the Defendant in this adversary proceeding (Docket # 7), in the total amount of $478,676.39, plus interest. The default judgment stated that this debt is nondischargeable in Defendant's bankruptcy case.

On September 26, 2014, at Plaintiff's request, the Clerk of this Court issued a writ of execution. (Docket # 8). Before issuing the writ, however, the Clerk struck certain language, at the undersigned judge's direction. As submitted, the proposed writ of execution was directed to

the following: "TO ANY SHERIFF, DEPUTY SHERIFF, OR DEPUTY U.S. MARSHALL:" The Court caused the Clerk to strike the words "SHERIFF, DEPUTY SHERIFF" by hand before issuing the writ, to make clear that the writ was directed only to the United States Marshal, and not to any state sheriff, deputy sheriff, or state court officer.

On October 6, 2014, the Clerk received a letter and a proposed revised writ of execution from Plaintiff's attorney. (Docket # 9). The proposed writ contains language similar to that which the Clerk struck from the earlier writ of execution. It is addressed to the following: "TO ANY SHERIFF, DEPUTY SHERIFF, OR COURT OFFICER." This language omits the earlier writ's reference to the Unites States Marshal. The letter from Plaintiff's attorney requests that the revised writ be issued so that a state court officer, rather than the United States Marshals Service, can serve and execute on the writ of execution. And the proposed writ names a particular state court officer to serve the writ — it says "Writ to be served by: Michael Jones, Court Officer."

## II. Discussion

The Court must deny Plaintiff's request to issue the proposed writ of execution, for the following reasons.

Plaintiff's counsel's letter argues, without citing any authority, that "[t]here is no requirement that a U.S. Marshal must serve an Execution Against Property." But the Court concludes that only the United States Marshals Service may serve and execute on a writ of execution issued by this Court. No state court officer may do so. *See Branch Banking & Trust v. Ramsey*, 559 Fed. Appx. 919, 924 (11th Cir. 2014)(interpreting 28 U.S.C. § 566(c) to mean that "only a U.S. marshal may execute the federal writ of execution by levying on and selling [a

judgment debtor defendant's] property").[1]  This Court has no authority to direct a state officer to serve and execute on a writ of execution.  Only an appropriate state court would have such authority.

In his letter, Plaintiff's counsel states certain reasons why he believes it would be faster, less expensive, and more effective for a state court officer to levy on the writ of execution in this case.  But if Plaintiff's counsel wants to use a state court officer to execute on a writ of execution, he can only accomplish that by domesticating this Court's September 3, 2014 default judgment in an appropriate Michigan court, and then have that Michigan court issue its own writ of execution, which a state court officer can then serve.  Plaintiff can file an authenticated copy of this Court's judgment in the office of the clerk of a circuit, district, or municipal court in the state of Michigan under the "Uniform Enforcement of Foreign Judgments Act."  Mich. Comp. Laws Ann. §§ 691.1171-691.1179.  That Michigan law provides, in relevant part:

> Sec. 3.  A copy of a **foreign judgment** authenticated in accordance with an act of congress or the laws of this state may be filed in the office of the clerk of the circuit court, the district court, or a municipal court of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court, the district court, or a municipal court of this state. A judgment filed under this act has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of the circuit court, the district court, or a municipal court of this state and may be enforced or satisfied in like manner.

Mich. Comp. Laws Ann. § 691.1173 (bold emphasis added).  As used in this statute, "foreign judgment" includes a judgment of the United States Bankruptcy Court — it "means any

---

[1] 28 U.S.C. § 566(c) states: "(c) Except as otherwise provided by law or Rule of Procedure, the United States Marshals Service shall execute all lawful writs, process, and orders issued under the authority of the United States, and shall command all necessary assistance to execute its duties."

judgment, decree, or order of a court of the United States or of any other court that is entitled to full faith and credit in this state." Mich. Comp. Laws Ann. § 691.1172.

### III. Order

For the reasons stated above,

IT IS ORDERED that Plaintiff's request for the issuance of a revised writ of execution in this adversary proceeding (Docket # 9) is denied.

| | |
|---|---|
| **Signed on October 10, 2014** | **/s/ Thomas J. Tucker**<br>**Thomas J. Tucker**<br>**United States Bankruptcy Judge** |